## David J. Foster *vs.* Frederick Bryant, Administrator.

A parish obtained a subscription to build a meeting-house, to be repaid out of the proceeds
of the sales of pews, and appointed five persons a building committee, who accepted the
trust, and built the meeting-house, and one of them was appointed treasurer and kept ac-
counts of the business of the committee. Before the building was completed, two of the
committee ceased to act, and the business was assumed and carried on by the three other
members. The cost of the building exceeded the amount subscribed, and the commit-
tee were left in debt for the excess, and by agreement with the subscribers and the
parish, and for their own indemnity, had the management of the unsold pews, and paid
or settled with the subscribers. One of the acting members of the committee paid a
certain sum to the treasurer, to be applied towards paying a debt of the committee.
The treasurer afterwards received from the sales and rents of pews and other sources
an amount sufficient, after discharging all expenses of the business of the committee, to
repay this sum and interest. Neither the third active member of the committee nor the
parish made any claim to the surplus. *Held*, that the member of the committee who
paid this sum might maintain a bill in equity against the treasurer; but must make the
parish and the three other members of the committee parties to the bill.

Bill in equity, alleging that the First Congregational Parish
in Petersham, at a legal meeting in 1842, voted to build a meet-

ing-house, that the funds thereof be raised by a joint stock company with a capital of fifty five hundred dollars, divided into fifty five shares of one hundred dollars each, the amount of which should be repaid to the subscribers out of the proceeds of the sales of pews, and that Abel Howe, William Goddard, Artemas Bryant, William Sanderson and the plaintiff be a building committee to erect the meeting-house, if the shares should be all taken up; that the whole amount of shares was subscribed for and taken up, and the building committee, with the assent of the subscribers, accepted their trust and entered upon the business thereof, and erected and completed the meeting-house within a reasonable time; that before the building was completed and the business relating thereto closed, Howe and Goddard ceased to act in the committee, and the business thereof was assumed and carried on by the other members; that Bryant was appointed treasurer of the committee, and as such had the custody of all the books and papers pertaining to the building of the meeting-house, and the care and management of all funds in connection therewith, and kept full accounts; that the committee, relying upon the funds raised by subscription, made use of their personal credit and incurred personal responsibilities in making contracts for the building; that the cost of building overran the estimate and exceeded the subscriptions by the sum of five hundred dollars and upwards, and the committee were left in debt for the excess; that after the meeting-house was completed the committee, with the assent of the parish and of the subscribers, caused the pews therein to be appraised and put upon sale at prices the whole amount of which was sufficient to cover the whole cost of the house, and sold some, but not all of the pews; that with the consent of the parish and the subscribers it was arranged that the committee should have the management of the unsold pews for their own indemnity and the benefit of all interested therein, and the committee by their treasurer did so; that in 1846 the plaintiff paid to the treasurer the sum of two hundred dollars to be applied towards the payment of an outstanding debt for work done on the house; that the treasurer acted as such from the

time of his appointment until his death in 1858, and during that time received from the subscribers and from the sales and rents of pews and other sources a large amount of money, sufficient, after paying and satisfying himself for all his payments in the business of the committee, to repay to the plaintiff the sum of two hundred dollars and interest; and that his books and papers, if they contained a true account, would show that fact; that the subscribers to the building fund had been paid or settled with, and had relinquished all their interest in the stock; that neither they, nor the parish, nor Sanderson, made claim to the moneys so left in the treasurer's hands; that the treasurer kept open accounts current with his several associates, containing items for rents received for pews within six years before his death and the filing of this bill; that the defendant had been appointed administrator of his estate, and that each of them had refused to account with the plaintiff. The bill prayed for an account, a discovery, and an order for the payment to the plaintiff of the sum justly and equitably due him.

The defendant demurred to the bill, because it did not show any sufficient cause or ground of action against the defendant, in law or in equity; because the plaintiff had a plain, adequate, and complete remedy at common law, if at all; and because he had not joined as defendants the parish, and Howe, Goddard and Sanderson, the other members of the building committee.

*D. Foster*, for the defendant, cited Adams on Eq. 319 *& seq.*

*P. C. Bacon*, (*I. Stevens* with him,) for the plaintiff, cited Rev. Sts. *c.* 118, § 43; Gen. Sts. *c.* 113, § 2; *Bartlett* v. *Parks*, 1 Cush. 85; *Towle* v. *Pierce*, 12 Met. 332; *New Braintree* v. *Southworth*, 4 Gray, 306; *Raynham Congregational Society* v. *Trustees of Fund in Raynham*, 23 Pick. 148.

CHAPMAN, J. The members of the committee who jointly assumed the responsibility of carrying on the work were partners in respect to it, and the plaintiff's remedy is in equity. But it does not appear that those members or the parish have released their interest in the funds held by the defendant's intestate, and therefore they ought to be made parties.

*Demurrer sustained for want of parties only.*